### In the Matter of Claude Dennis WEGNER.

### No. 49S00–0002–DI–121.

Supreme Court of Indiana.

April 3, 2003.

### *ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** A client hired the respondent to represent him in a personal injury case. The respondent settled the client's claim and, as part of the settlement, received a $5,000 check payable to respondent and the insurance company that had paid the client's worker's compensation benefits. This check was intended to pay the insurance company's subrogation lien. The respondent failed promptly to notify the insurance company of the receipt of the funds. The respondent, without authority from the insurance company, endorsed the check on behalf of the insurance company and deposited it in his trust account. The respondent then delayed payment to the insurance company for a lengthy period.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.15(b), which requires an attorney promptly to notify a third party upon receiving funds in which the third party has an interest. The respondent also violated Prof.Cond.R. 8.4(c), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of thirty (30) days, effective May 5, 2003, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, the Hon. Wayne A. Sturtevant, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and SULLIVAN and RUCKER, JJ., concur.

BOEHM, J., concurs, but believes the sanction excessive.

DICKSON, J., dissents, believing that the Commission failed to prove the charged misconduct by clear and convincing evidence.